IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CONSTITUTION PARTY OF OHIO,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:08-cv-666 |
| v. : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| **JENNIFER BRUNNER** : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on the Motion for Preliminary Injunction of Plaintiffs Constitutional Party of Ohio ("Constitutional Party"), Chuck Baldwin ("Baldwin"), Darrell Castle ("Castle"), Robert Owens ("Owens"), Fred Bender, and John M. Tomaso, and the Motion for Judgment on the Pleadings of Defendant Jennifer Brunner, Ohio Secretary of State (the "Secretary"). For the reasons set forth below, this Court **DENIES** Plaintiffs' Motion, and **GRANTS** Defendant's Motion.

**II. BACKGROUND**

Plaintiffs moved for a preliminary injunction on August 29, 2008. Plaintiffs sought to have access to the November 4, 2008 special and general election ballots. They specifically sought to have the designator "Constitutional Party" placed next to the names Baldwin and Castle on the President/Vice President ballot, and the designator "Independent" placed next to the name Owens on the Attorney General Ballot. On September 22, 2008, Defendant filed a Motion for Judgment on the Pleadings.

## III. STANDARD OF REVIEW

### A. Motion for Preliminary Injunction

A preliminary injunction is a remedy used by the court to preserve the status between the parties pending a trial on the merits. *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). Courts will generally issue a preliminary injunction when the plaintiff establishes that: (1) there is a substantial likelihood that the plaintiff will prevail on the merits; (2) the plaintiff will suffer irreparable injury without the injunction; (3) no third parties will be unjustifiably harmed if the injunction is granted; and (4) the injunction serves the public interest. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

### B. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001). Thus, this Court must construe the Complaint in the light most favorable to Plaintiff, accept all of the Complaint's factual allegations as true, and determine whether the Plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. *Id.* at 512. A Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Paskyan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). The facts in this case are not in dispute; indeed, they are subject to stipulation. The pleadings thus present a pure question of law, for which resolution under Rule 12(c) is particularly appropriate.

## IV. LAW AND ANALYSIS

### A. Constitution Party Designation

A federal court has "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2007). On September 8, 2008, the Secretary issued Directive 2008-83, which placed Baldwin and Castle on the ballot with the" Constitution Party" designation for the November 4, 2008 ballot. Since the Secretary placed Baldwin and Castle on the ballot with their party designation, Plaintiffs' motion to have the designation of "Constitution Party" placed next to Baldwin's and Castle's names on the ballot is **DENIED as MOOT**.

### B. Independent Designation

The Secretary did not place Owens's name on the November 4, 2008 ballot with the designation of "Independent." As that election has passed, the Motion for Preliminary Injunction could be dismissed as moot because there is not a substantial likelihood that Owens will prevail on the merits, and Owens will not suffer irreparable injury without the injunction. There is, however, an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), cited by *Spencer v. Kemna,* 523 U.S. 1, 17 (1998). That exception applies only where: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer,* 523 U.S. at 17 (internal citations omitted).

This Court finds that there is not a reasonable expectation that the same complaining

party, Owens, would be subjected to the same action again.[1] Ohio law defines an "[i]ndependent candidate" as "any candidate who claims not to be affiliated with a political party, and whose name has been certified on the office-type ballot at a general or special election through the filing of a statement of candidacy and nominating petition . . ." Ohio Rev. Code. § 3501.01(I). The Sixth Circuit has recognized that a candidate cannot be both an independent and an affiliated party member. *Morrison v. Colley*, 467 F.3d 503 (6th Cir. 2006). Moreover, a candidate cannot merely assert independence of a political party; he or she "must actually be independent, rather than merely claim it." *Id.* at 509. "[The] claim of independence must be made in good faith . . ." *Id.* In *Morrison*, the plaintiff claimed to be independent, but had run twice for Republican Party Central Committee positions; held himself out as a Republican in print ads; signed declarations of candidacy in which, under oath, identified himself as a member of the Republican Party; and submitted campaign organization forms to the Federal Elections Commission in which he identified himself as a Republican. *Id.* at 509-10. Given all these facts, the Sixth Circuit held that the plaintiff could not in good faith claim to be an independent. *Id.* at 511.

Likewise, Owens has repeatedly held himself out as a member of a legally recognized political party, the Constitution Party. According to the Constitution Party's own website, http://www.cpofohio.org/, Owens is currently the State Chairman of the Constitution Party of Ohio. Since 2006, Owens has served as a member, volunteer, and Chairman of the Constitution Party of Ohio. (Agreed Stipulation of Facts, doc. No. 8). In additional, Owens is the appointed representative of the Constitution Party's presidential candidate for purposes of handling ballot

---

[1]This Court does not address the first requirement to the mootness exception, that "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration," because Plaintiffs clearly do not satisfy the second requirement.

access matters, according to forms filed with the Secretary. Just as Morrison was unable to claim in good faith that he was independent from the Republican party, Owens cannot in good faith claim to be independent from the Constitution Party. Because there is not a reasonable expectation that Owens would be subject to the same action again, Plaintiffs' motion to have the designation of "Independent" placed next to Owens's name on the ballot is **DENIED as MOOT**.

## V. CONCLUSION

For the foregoing reasons, this Court **DENIES** Plaintiffs' Motion for Preliminary Injunction, and **GRANTS** Defendant's Motion for Judgment on the Pleadings.

**IT IS SO ORDERED.**

     s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: March 16, 2009**